USCA1 Opinion

 

 February 7, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2119 MICHAEL KEVIN DUPONT, Plaintiff, Appellant, v. LARRY E. DUBOISE, Commissioner Of Corrections, Et Al., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Michael K. Dupont on brief pro se. _________________ Nancy Ankers White, Special Assistant Attorney General, and __________________ David J. Rentsch, Counsel, Department of Correction, on brief for ________________ appellees.  __________________ __________________ Per Curiam. Michael Kevin DuPont appeals the __________ denial of his motions for preliminary injunctive relief. We affirm. I. Background __________ DuPont is incarcerated at the MCI-Cedar Junction state prison in Massachusetts. In 1992, he filed a civil rights action against various Department of Corrections personnel and others, seeking damages and injunctive relief. He alleged that defendants had violated his rights by using excessive force against him, seizing his legal materials, denying him attorney visits and other privileges, denying him medical care, and threatening to confine him in a disciplinary unit, among other things. After filing suit, he sought preliminary injunctive relief, claiming that defendants were interfering with his right to deposit U.S. mail in a locked letterbox, had failed to timely deliver incoming legal mail, had seized or not delivered his legal materials to him, and had gassed and used excessive force against him in connection with seizures of those materials. The district court denied his motions.1 II. Discussion __________  ____________________ 1. The district court also denied DuPont's request for an injunction -- ordering defendants to pay the postage for his legal mail whenever his own funds were insufficient -- and his request for appointment of counsel. In his appellate brief, DuPont did not address those issues, and so we deem them waived. See Playboy Enterprises v. Public Service ___ ____________________ _______________ Comm'n, 906 F.2d 25, 40 (1st Cir.), cert. denied, 498 U.S. ______ _____________ 959 (1990). In any event, exceptional circumstances warranting the appointment of counsel do not exist here. See ___ Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). _______ __________ In determining whether the district court properly denied preliminary injunctive relief, we review the court's decision for manifest abuse of discretion or clear error of law or fact. See Cohen v. Brown University, 991 F.2d 888, ___ _____ ________________ 902 (1st Cir. 1993). We find no such abuse of discretion or error here. Preliminary injunctive relief was not warranted because DuPont failed to show that he was likely to succeed on the merits of his claims or that he would suffer irreparable harm if preliminary injunctive relief were not granted. See id. (describing the factors considered in ___ ___ evaluating a request for preliminary injunctive relief). The court correctly determined that DuPont had not shown that he was likely to succeed on his claim that defendants had violated his federal rights by requiring him to show line officers the outside of envelopes he was mailing before he deposited those envelopes in a locked letterbox. DuPont has cited no state law or regulation that mandates that defendants not inspect the outside of his mail before he deposited it, sealed, in the locked letterbox, and so did not demonstrate a probability that any federal liberty interest was impaired by the inspection requirement. See Rodi v. ___ ____ Ventetuolo, 941 F.2d 22, 25 (1st Cir. 1991) (stating that, in __________ the correctional context, a state establishes a protected liberty interest where laws and regulations containing -3- mandatory language restrict prison officials' discretion to undertake the challenged action). Nor did the court err in denying preliminary injunctive relief with respect to DuPont's claim that certain legal mail had not been delivered to him or had not been timely delivered to him. DuPont acknowledged that he could not prove "a pattern of intentional federal mail obstruction." On a few occasions, he apparently received legal mail later than he thought he should. Although he did not receive service receipts showing that the complaint in this case had been served on certain defendants, he did receive photocopies of the receipts which a U.S. Marshal sent to him. He did not allege or proffer any evidence showing that any late receipt of legal mail had affected or would affect ongoing litigation matters. Since DuPont was not systematically deprived of his legal mail, and the isolated deprivations alleged here obviously did not affect his ability to pursue his court actions, we sustain the denial of preliminary injunctive relief. See Sowell v. Vose, 941 F.2d ___ ______ ____ 32, 35 (1st Cir. 1991) (since prison officials' loss of a few legal documents was not inherently prejudicial, to show a constitutional deprivation plaintiff had to show that the loss of those particular documents had deprived him of his ability to participate meaningfully in the legal process). -4- The court correctly determined that DuPont had not shown that preliminary injunctive relief was warranted because he would likely be subjected to excessive force in the future. In seeking preliminary relief, DuPont relied in part on conclusory allegations in his complaint that certain defendants, who are high ranking Department of Corrections or MCI-Cedar Junction officials, had ordered extraction team members to use excessive force on him on several occasions in 1991 and on another occasion in 1992. But he submitted no evidence to support his claim that such orders were ever issued, and so failed to show that defendants had some policy or persistent practice of using force against him; thus, he did not show a real and immediate threat that he would continue to be subjected to excessive force in future extraction team uses of force against him. DuPont also averred in an affidavit that he had been subjected to excessive force on January 12, 1993. But he did not present any evidence to the court to show that the particular extraction team members who allegedly used excessive force against him on that date were predisposed to use excessive force against him or had been ordered by superiors to use excessive force against him; thus, he did not show that it was likely that they would use excessive force against him in future uses of force. Moreover, the extraction team members in question have not yet been named defendants in this suit. -5- Compare Rizzo v. Goode, 423 U.S. 362, 371-72 (1976) _______ _____ _____ (reversing grant of injunction in part because plaintiffs had not submitted evidence linking specific instances of individual police officer misconduct with any plan or policy of defendants; the individual police officers had not been named as defendants in the suit); see Thomas v. County of Los ___ ______ _____________ Angeles, 978 F.2d 504, 508, 509 (9th Cir. 1992) (reversing _______ grant of preliminary injunction against county sheriff's department and remanding because plaintiffs had not yet established that they were likely to succeed in showing "not merely misconduct, but a pervasive pattern of misconduct reflecting departmental policy") (majority opinion, as amended 1/12/93); contrast Cohen v. Coahoma County, 805 F. ________ _____ ______________ Supp. 398, 405-06 (N.D. Miss. 1992) (preliminary injunction granted where sheriff had testified that he would continue to whip county jail prisoners in order to coerce information about escape attempts). Finally, preliminary injunctive relief against the seizure of DuPont's legal files was not warranted. To the extent that DuPont sought to enjoin prison officials from enforcing reasonable limits on the amounts of legal materials kept in his cell, he had no right to such relief. See ___ Sowell, 941 F.2d at 35. Nor did DuPont show that defendants' ______ retention of specific legal materials from this case and his federal habeas case actually threatened his ability to pursue -6- those cases in court.2 See id. (a plaintiff complaining ___ ___ about a conditional restriction on his access to legal materials must show actual injury to his ability to gain access to the courts). Although DuPont alleged that defendants had withheld his state criminal trial transcripts since November 10, 1992, he submitted no evidence that he was actively seeking those transcripts at the time he sought preliminary injunctive relief, or that he had informed defendants of deadlines in his criminal appeal for which those transcripts were necessary. Although his criminal appeal was later dismissed for want of prosecution, that occurred nearly five months later. Since there was no reason to believe that DuPont would suffer any irreparable harm in the absence of an injunction, or that any constitutional deprivation of legal materials was taking place, the court properly denied preliminary injunctive relief. See id. ___ ___ (affirming summary judgment for defendants because the  ____________________ 2. It would have been hard to make such a showing since both cases were pending before the very court which was considering DuPont's preliminary injunction motions. Being fully informed of DuPont's claim that defendants were withholding necessary court papers, the court would not likely have enforced any deadlines against DuPont. Although DuPont alluded to his inability to file his first amended complaint, defendants submitted an affidavit stating that he had rejected an opportunity to go to a visiting room to select legal materials he wished to have in his cell. Papers DuPont filed on appeal support that representation. Accordingly, DuPont's inability to obtain his first amended complaint would seem attributable to his own recalcitrance and not to defendants. -7- plaintiff had not articulated a causal relation between the deprivation of legal materials and the dismissal of his state appeal). Affirmed.3  _________  ____________________ 3. DuPont has filed numerous motions in this appeal. To the extent that we have not already addressed them in earlier orders, we hereby deny them, either because they are mooted by this decision, or because they should be brought in the district court in the first instance. -8-